Argued at Pendleton May 3; modified May 9, 1939

# GREENWOOD *v.* SCHEVENIUS

(90 P. (2d) 184)

In Banc.

*George T. Cochran,* of La Grande (Cochran & Eberhard, of La Grande, and H. V. Schmalz, of Burns, on the brief), for appellant.

*E. M. Sabin,* of Union, for respondent.

KELLY, J. The children, whose custody is in issue in this proceeding, are two girls now approximately eight and seven years old respectively and a boy approximately five years of age.

No good purpose can be served by reviewing the facts in this case further than to say that they support the action of the trial court in denying defendant's petition. The showing, however, in behalf of the plaintiff's counter petition does not justify granting the custody of said children to him at this time. It is to the effect that he would place them in the home of his brother ten miles from Union. Plaintiff's brother testified that his wife was willing to have plaintiff's children brought to their home. The wife herself did not testify. The brother's family consists of four, that is, the brother, his wife and their two children. They live in a two-room house appurtenant to which there are two other buildings having one room each which are used for sleeping quarters. The place is a mile from the point where the school bus passes, which would require private transportation for that mile each day to afford school facilities to the children.

It is true that the record shows an intention on plaintiff's part to build a more commodious home, but no other description of it than that appears in the record before us.

Ever since the original decree was entered, the children have been in the actual custody of their maternal grandmother, who is a widow living at La Grande. They have been and are being well cared for. Plain-

tiff complains of the manner in which the grandmother treated him when he called to visit his children. Two incidents are related. One occurred on a Sunday and he was told that he could not see the children because they were at Sunday school. The other incident referred to a time when plaintiff in company with his brother approached the home of the grandmother and saw the children in the yard. Plaintiff and his brother said that, although the grandmother looked at them, she did not speak to them or appear to recognize them; but disappeared by entering the rear of the house. The children came to the place where plaintiff and his brother had stopped their auto, and they visited together for a short time.

Plaintiff also disliked the presence of other members of the family when he was visiting his children, but testified that he did not ask to be permitted to be with them alone.

We think that in giving primary importance to the welfare of the children, we should not take them from the custody of their maternal grandmother at this time. She should, however, realize at all times that the father of these children should be given an opportunity to visit them without the intrusion of others and protected from any offensive or embarrassing demeanor, conduct or remarks by any one whomsoever. No objection should be made to sending the children to Sunday school, but that does not occupy the entire day and the father is entitled to accurate and complete advice as to the hour required for it, in order that he may make his visit at a different time of the day. The custodian of the children must not place any barrier or impediment in the way of the father when he calls at a reasonable hour, whether on Sunday or any other day, to visit his son and daughters or either or any of them.

■ While we think that the present showing on defendant's part is insufficient to warrant continuing her custody of the children and granting her permission to take them to her home at Burns; and that, if plaintiff will provide an adequate and proper home for them, he should be awarded their custody, it must be known that at all reasonable times defendant should have the right and privilege to visit her children and in doing so she should not be subjected to any embarrassment, offense, humiliation or affront.

The order of the trial court is modified by granting the custody of the children in suit to their maternal grandmother until further order of the court, giving both parents the right and privilege at all reasonable times to visit them and requiring each parent to contribute $20 per month for their support, the same to be paid to the clerk of the circuit court and by said clerk paid to the custodian of said children upon proper vouchers.

In thus modifying the decree of the trial court relating to the custody of the children, it is not intended in any way to impair or encroach upon the jurisdiction of such court to further modify the same if and when conditions are shown to have changed in such a way as to warrant such future modification.

It is further ordered that neither party recover costs or disbursements herein.

Decree modified.

BAILEY and LUSK, JJ., not sitting.